**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID V. ROCK,** | CASE NO. 1:17 CV 2693 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **CHARLES E. COULSON,** *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff David V. Rock filed this action under 42 U.S.C. § 1983 against Lake County Prosecutor Charles E. Coulson and Assistant Prosecutor Lisa A. Neroda. In the Complaint, Plaintiff asserts Defendants prosecuted and convicted him of felony Operating a Vehicle Under the Influence of Alcohol ("OVI") based on his prior misdemeanor and felony OVI convictions. Plaintiff contests two of those prior convictions as unconstitutional and asserts the Defendants knew or should have known they should not be used to enhance his charges from a misdemeanor to a felony. He seeks a declaration that two of his prior convictions are constitutionally infirm and an award him monetary damages.

## I. BACKGROUND

Plaintiff was ticketed and charged with two misdemeanor OVI offenses in 1995 and 1997. *See City of Willoughby v. Rock*, Case No. 97-TRC-3446 (Willoughby Mun.Ct. May 22, 1997); *City of Willoughby v. Rock*, Case No. 95-TRC-9727 (Willoughby Mun.Ct. Nov. 16, 1995). Both cases were heard in the Willoughby Municipal Court, where he pled no contest to

both charges. He was sentenced on the first offense to five days in jails, two days of community service, license suspension of 180 days and $1,000.00 fine. For the second offense, he was sentenced to 15 days in jail, one year of probation, fifty-five hours of community service, a $500 fine, vehicle immobilization for 90 days and license suspension for one year. Plaintiff also has felony OVI charges from Ashland County in 2010 which resulted in a prison term. *See State of Ohio v. Rock*, *State of Ohio v. Rock*, No. 10-CR-081 (Ashland Cty Ct. Comm. Pl. Nov. 15, 2011).

Plaintiff was arrested in Eastlake, Ohio on July 16, 2014 and charged with felony OVI, Leaving the Scene of an Accident, and having an Open Container of alcohol in his vehicle. *See State of Ohio v. Rock*, No. 14CR000525 (Lake Cty Ct. Comm. Pl. Feb. 25, 2015). He pled guilty to the OVI charge and was sentenced to an aggregate total term of incarceration of seven years in prison to be served consecutive to his sentence from Ashland County.

Plaintiff now brings this action to challenge the constitutionality of his 1995 and 1997 misdemeanor convictions. He does not specify why he believes these convictions are unconstitutional, but alleges the Defendants knew or should have known that they were problematic. He concludes they should not have used them to enhance his current convictions to felonies. He contends the prosecutors failed to disclose to him and to the grand jury that the convictions were unconstitutional. He seeks an order declaring the convictions to be unlawful and awarding him monetary damages.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the plaintiff's claim, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. In this case, Plaintiff does not elaborate on the nature of his claims. He does state that his convictions are unconstitutional. If this Court were to find his conviction to be unconstitutional, it would certainly call into question the validity of his convictions. He cannot proceed with this claim unless his convictions were overturned. He has given the Court no indication that this has occurred. His claims must be dismissed.

Furthermore, even if Plaintiff could bring these claims, the Defendants would be absolutely immune from damages. Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424

U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). They could not properly perform their duties if they were forced to weigh every decision with the potential consequences of personal liability in a suit brought by a disgruntled defendant. Therefore, prosecutors are extended absolute immunity when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Considering prior offenses and determining appropriate charges are duties undertaken by a county prosecutor. Both Defendants are absolutely immune from suits for damages.

### **III. CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: April 19, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.